Connolly, Thomas E., J.

DISCUSSION

The Court held a hearing on the above-captioned matter on December 15, 2009. This matter comes before the Court on the plaintiff, Outdoor Business Association’s Motion for Partial Summary Judgment for the Entry of a Permanent Injunction under Prayer 2 of the plaintiffs Complaint. The Commonwealth opposes said motion and moves that the Preliminary Injunction entered on April 29, 2009 be vacated and that judgment be entered for the defendants on Count Two of the Complaint.
This civil action concerns proposed fees to be imposed by the Department of Public Safely (DPS) and the Executive Office for Administration and Finance (A&F) for the inspection and reinspection of amusement and carnival devices (e.g. merry-go-rounds, ferris wheels, etc.) that operate in Massachusetts. In the approximate years of2004-2005 there were deaths of three persons (in three separate incidents) who were riding or using the amusement devices in Massachusetts. As a result thereof, the DPS determined that there needed to be much better inspections and oversight of these amusement devices for the safety of the public.
The DPS, working with members of the amusement ride industry, implemented a policy, in part, of DPS employees inspecting each amusement device after it was set up at a new location but prior to its operation. Since the implementation of the per-device, per-setup instructions in 2005, there have been no deaths or serious injuries in Massachusetts involving amusement devices. The new regulations, after hearing by DPS and A&F, went into effect in 2005, and the plaintiff, Outdoor Amusement Business Association (OABA) never objected to them and in fact praised the DPS on occasion for helping make the amusement ride industry safer. In substance, the OABA appeared satisfied with the new procedure adopted under ch. 140, §204A (“Amusement Devices”). The DPS, after hearing, adopted its Code of Massachusetts Regulations and Procedures applicable to amusement devices, namely 520 CMR 500 to 520 CMR 5.15. For purposes of this motion, Section 520 CMR 5.02 establishes, in part, the provisions for licensing and permit issuance, fees, inspections and variances for all amusement devices and is the section of prime concern for this motion. Specifically, 520 CMR 5.02(1 l)(d), in part, provides for the state inspectors to inspect all amusement devices prior to their use in each location to which they are moved, and in certain circumstances their reinspection by the state inspector.
Section 520 CMR 5.02 makes provision that the DPS may charge a fee for its inspections in accordance with the fee schedule as set forth in 801 CMR 4.02. The procedure of a state inspector doing the required inspections took place from 2005 to 2008 without any protests or complaints from the amusement device owners. Only when the issue of the DPS charging a fee to the amusement device owners arose in 2008 did any objections arise concerning the subject inspections. In 2008, it was determined by the A&F in consultation with DPS that fees should be charged for the inspection services being provided by the state inspectors. The DPS together with A&F proposed a set of fees which fees were far less than what it cost the Commonwealth to pay for the state inspectors’ time while doing the inspections. A meeting was held with representatives of the amusement device industry and complaints were made by the industry as to the amount of the fees proposed to be imposed. As a result of said meeting, the DPS and A&F reduced the originally proposed fees and imposed even further lower fees which fees were adopted in the CMR. These lower fees were far lower than the actual cost to the Commonwealth of doing these inspections.
Prior to the effective date for the payment of the new fees for the state inspectors namely, May 1, 2009, the plaintiff, OABA raised the objections that it has raised in this civil action. On April 29, 2009, the plaintiff moved for a preliminary injunction enjoining the defendants from implementing and collecting the Amusement Devices Inspection Fees and Amusement Device Re-Inspection Fees set forth in 810 CMR 4.02, section 520(33) to (34) arguing in part that the additional fees being charged effective May 1, 2009 are *472 taxes and not fees and are not authorized by ch. 140, §205A.
The plaintiff argues that the DPS doesn’t have the authority under ch. 140, §205A to charge additional “after set up at new location, but before operation” inspection fees. The plaintiff claims that since the statute only mentions two fees (that is, an annual licensing fee and a fee when an injury occurs on an amusement device and a state inspection is necessary), the fees for inspection “after set up at a new location, but before operation” are not authorized by ch. 140, §205A. Since the statute doesn’t explicitly give the DPS the authority to charge for regular inspections (i.e., after set up at new location, but prior to operation), the plaintiff argues that it may not do so. [“[SJtatutory expression of one thing is an exclusion of other things omitted from the statute” Harborview Residents Comm., Inc. v. Quincy Housing Authority, 368 Mass. 425, 432 (1975).] Said injunction was allowed by the Court (Quinlan, J.) on the argument the statute did not explicitly give the DPS authority to charge additional fees for regular state inspections and it was ordered by the Court that “there be a further hearing on the plaintiffs application for injunctive relief and that the hearing be consolidated with the trial on the merits of the action.” (Docket entry no. 5.)
The defendants raise many objections to the imposition of the subject fees, most of which are very frivolous.
The DPS has the clear authority to inspect the subject amusement rides, and hence under ch. 7, §3B, A&F has the authority to impose a fee to recoup a portion of the costs incurred by DPS in performing the inspections. It is the DPS that issues the licenses to operate amusement devices. The authority to issue and regulate includes authorization to require licenses and licensing fees to cover reasonable expenses incident to the enforcement of the rules. Southview Coop Housing Corp. v. Rent Control Bd. of Cambridge, 396 Mass. 395, 400 (1985). Such authority is not limited to fees for licenses themselves but also includes the authority to exact fees to defray the cost of . . . performing other services in conjunction with other official actions taken pursuant to the license. Id., p. 400-01.
The plaintiff claims that the amusement inspection fees are unconstitutional taxes, and not valid regulatory fees. The case of Silva v. City of Attleboro, 454 Mass. 165 (2009),[1] disposes of its argument as set out on page 19 of the Defendants’ Opposition to Plaintiffs Motion for Summary Judgment.
This Court adopts the defendant’s arguments and positions set out in the Defendants’ Opposition to the Plaintiffs Motion for Partial Summary Judgment (23 pages).

ORDERS

After hearing and review of all submissions, the Court enters the following orders:
1. Plaintiff, Outdoor Amusement Business Association, Inc.’s Motion for Partial Summary Judgment on Count Two of the Complaint is DENIED.
2. The Preliminary Injunction issued on April 29, 2009 in this civil action is ordered VACATED in full.
3. Partial Summary Judgment shall enter for all defendants pursuant to Mass.R.Civ.P. 56(c) on Count Two of the Complaint.

The case of Silva v. City of Attleboro, 454 Mass. 165 (2009), was decided by the Supreme Judicial Court on further appellate review on June 26, 2009, some approximate two months after the preliminary injunction was issued in this case.